CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 9 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| ABDUL-HASIB AL-MUSAWWIR, ) | |
| Plaintiff, ) | Civil Action No. 7:05-cv-00800 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| J. R. STUMP, et. al., ) | By: Hon. James C. Turk |
| Defendant(s). ) | Senior United States District Judge |

Plaintiff, a Virginia inmate proceeding pro se and seeking in forma pauperis status, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, plaintiff alleges that the defendants' failure to provide him competent counsel and direct access to the prison law library hindered his efforts to pursue a petition for a writ of habeas corpus, in violation of his constitutional right to access the courts. He seeks punitive damages and appointment of counsel to assist him in resubmitting his state habeas petition for reconsideration. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915(e)(2) as malicious and for failure to state a claim upon which relief may be granted.

I.

The Prison Litigation Reform Act (PLRA) states that a federal court shall dismiss an action filed in forma pauperis at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from someone who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Congress has noted that a litigant "whose filing fees are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." Johnson v. Edlow, 37 F.Supp.2d 775, 776

Dockets.Justia.com

(E.D.Va. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). Accordingly, courts are charged with dismissing an action proceeding in forma pauperis any time during the course of the litigation when it becomes apparent that the action is frivolous or malicious. § 1915(e)(2); Cain v. Commonwealth of Virginia, 982 F.Supp. 1132, 1136 (E.D.Va. 1997). A litigant may be deemed to act maliciously if his motive is to vex and harass the defendants. Johnson, 37 F.Supp.2d at 776. In determining whether an action is malicious, the court must review not only the instant complaint, but also the plaintiff's prior litigious conduct. Id. (citing Cochran v. Morris, 73 F.3d 1310, 1316-17 (4th Cir. 1996)).

Plaintiff previously filed a lawsuit raising the same claims against the same defendants in his current complaint. See Al-0Musawwir v. Philips, Civil Action No. 7:05-cv-00607 (W.D. Va. 2005). The court dismissed that action, summarily, pursuant to 28 U.S.C. § 1915(e)(2), upon finding that plaintiff's allegations failed to state any claim upon which relief could be granted. In his current complaint, plaintiff changes the wording of his claims slightly and drops one of the defendants named in the previous action. The allegations from which the claims arise and the constitutional bases for the claims are the same, however. To the extent that he is raising slightly different legal arguments in this complaint, such arguments could and should have been raised in the original complaint. As he knows from the court's earlier opinion that his allegations do not state any constitutional claim, the court concludes that plaintiff is bringing the current lawsuit in bad faith, to harass and inconvenience the defendants. Therefore, the court will dismiss the action as malicious, pursuant to § 1915(e)(2).

II.

In the alternative, plaintiff's claims are barred by the applicable statute of limitations. No federal statute of limitations applies in §1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Accordingly, §1983 actions are governed by the state statute of limitations applicable for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. §8.01-243(a). The action accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995)(en banc). An inmate's §1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Lewis v. Richmond City Police Depot, 947 F.2d 733 (4th Cir. 1991). In Virginia §1983 cases, then, if an inmate has not delivered his complaint to prison officials for mailing within the two year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

Taking plaintiff's allegations in the light most favorable to him, it is the opinion of the court that plaintiff is barred from bringing suit under §1983 against these defendants. Defendants' conduct about which plaintiff complains occurred between August 2000 and October 2002. During this time period, plaintiff knew sufficient facts about the defendants' failure to provide him with library access or with access to another attorney to bring a constitutional claim that their actions deprived him of the ability to prepare his habeas pleadings. Plaintiff signed and dated this civil rights complaint on December 27, 2005, and delivered it to prison authorities for mailing on

3

December 28, 2005, at the earliest,[1] more than three years after his claims accrued. Thus, the court concludes that the statute of limitations bars him from proceeding with these claims now. As such, the court may summarily dismiss the complaint as frivolous, pursuant to §1915(e)(2). See Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983) (court may summarily dismiss action as frivolous under former version of § 1915, based on affirmative defense).

### III.

In any event, plaintiff's allegations still fail to state any actionable claim. Where an inmate has had access to court, but alleges facts showing denial of some item necessary for meaningful pursuit of his litigation, such as specific legal materials, the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item. Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817, 828 (1977). Stated differently, an inmate must show that he was unable to file the initial complaint or that a complaint he filed was so technically deficient that it was dismissed without consideration of the merits. Id. at 351. The fact that an inmate may not be able to discover a legal claim or litigate in precisely the manner he prefers, once a known claim is brought before the court, is not sufficient to demonstrate the actual injury element of an access to courts claim. Id. at 354. Bounds and Casey do not require prison officials to ensure that inmates receive the amount or type of legal assistance that they desire in order to make the perfect legal arguments and present every relevant case cite or document in support of their petitions. Rather, these decisions require officials to provide a level of assistance and/or access to legal materials that allows inmates to bring their claims before the court in a timely manner.

---

[1] Plaintiff's submissions, received by the court in a single envelope on December 29, 2005, included an "affidavit in forma pauperis" that he executed on December 28, 2005.

4

Plaintiff clearly received the constitutionally required level of assistance. Plaintiff admits that he obtained copies of 250 case cites, got assistance from other inmates, and had the institutional attorney review his habeas petition. He filed the petition on time, in proper format, and the court addressed the claims, one by one. The fact that some of those claims were procedurally defaulted at trial is not the fault of these defendants. The fact that plaintiff's ineffective assistance claims failed on the prejudice prong of <u>Strickland</u> is also not the fault of these defendants. Plaintiff fails to demonstrate how additional knowledge about <u>Strickland</u> would have allowed him to make his ineffective assistance claims successful under the very difficult prejudice standard. As the court cannot find that plaintiff has demonstrated lack of access or actual injury stemming from the alleged lack of access, the court may dismiss the complaint, pursuant to §1915(e)(2), for failure to state a claim.[2] An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5). The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 9th day of January, 2006.

/s/ James C. Turk
Senior United States District Judge

---

[2] In addition, Judge Stump is absolutely immune against plaintiff's claims for damages, as he acted within his judicial duties in appointing the institutional attorney about whom plaintiff complains. <u>Dennis v. Sparks</u>, 449 U.S. 24, 28-32 (1980).